# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFREY CABRERA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N18A-04-006 VLM |
| | ) | |
| DELAWARE RUG COMPANY | ) | |
| and | ) | |
| THE UNEMPLOYMENT | ) | |
| INSURANCE APPEAL BOARD | ) | |
| | ) | |
| Appellees. | ) | |

## ORDER

Date Submitted: September 4, 2017
Date Decided: November 15, 2018

*Upon Consideration of Appellant's Appeal of the Decision of the Unemployment Insurance Appeal Board*, **AFFIRMED**.

Jeffrey Cabrera, Bear, DE. *Pro Se* Appellant.

Daniel C. Mulvaney, Esquire, Wilmington, DE. Attorney for Appellee Unemployment Insurance Appeal Board.

**MEDINILLA, J.**

# INTRODUCTION

This is an appeal from the Unemployment Insurance Appeal Board ("Board"). Appellant Jeffrey Cabrera ("Employee") untimely appeals from the Board's February 20, 2018 decision that denied to further review the application because it was not timely filed, and therefore affirmed the Appeals Referee's decision.[1] Upon consideration of the facts, arguments and evidence set by the parties; statutory and decisional law; and the entire record in this case,[2] the Court hereby finds as follows:

1. Employee was employed at Delaware Rug Company ("Employer") from July 30, 2017 until November 8, 3017.[3] Employee was terminated from his employment for reasons including tardiness, insubordination towards his boss, and smoking in company trucks in violation of Employer's policy.[4]

---

[1] Decision of the Unemployment Insurance Appeal Board on Appeal from the Decision of Appeals Referee, Jeffrey Cabrera, Appeal Docket No. 21077526 (Feb. 20, 2018) (hereinafter "Board Decision"). The Board's decision was mailed on February 20, 2018 and became final on March 2, 2018. Mr. Cabrera filed this appeal on April 10, 2018.

[2] Appellant Jeffrey Cabrera filed an opening brief on June 25, 2018. On June 29, 2018, the Unemployment Insurance Appeal Board filed a letter with this Court stating that it would not be filing an answering brief because the Appellant only challenges the Board's Decision on the merits. Appellee Delaware Rug Company did not file an answering brief. On August 30, 2018, this Court ordered it would make a determination of the issue based on the pleadings filed pursuant to Rule 107(f).

[3] R. at 5.

[4] *Id.*

2.      Employee filed a claim for unemployment benefits with the Division of Unemployment Insurance on November 5, 2017.[5] On November 21, 2017, a Claims Deputy found that Employee was discharged from his employment without just cause in connection with his work, and was not disqualified from the receipt of unemployment insurance benefits under 19 *Del. C.* § 3314(2).[6]

3.      On November 30, 2017, Employer timely filed an appeal of the Claims Deputy's Decision to an Appeals Referee.[7] A hearing *de novo* was held on December 27, 2017, where the Appeals Referee heard testimony from Employee, Employer's Representative Shailah Alvaraz, and Employer's witness Nicholas Michael.[8] At the hearing, Employer submitted into evidence eleven documents titled "Employee Grievance Reports," which were signed by Mr. Michael.[9] The Appeals Referee reversed the Claims Deputy's decision, and held that Employee was discharged for just cause and was disqualified from receiving benefits pursuant to

---

[5] R. at 1.

[6] *Id.* at 42.

[7] *Id.* at 45.

[8] *Id.* at 56.

[9] R. at 126-36.

19 *Del. C.* § 3314(2).[10] The Appeals Referee's decision was mailed on December 29, 2017 and the last day to file an appeal was January 8, 2018.[11]

4.      On January 23, 2018, Employee untimely filed an appeal to the Board.[12] Employee noted that he "was late to make the appeal on the referee's decision because on October 22nd [his] personal [sic] owned vehicle was vandalized with a totel [sic] of 6 gun shots which made it very difficult for [him] to have transportation to come in to appeal."[13]

5.      On February 20, 2018, the Board denied Employee's application to further review the matter, and affirmed the Appeals Referee's decision.[14] The Board held that the Appeals Referee's decision was final and binding.[15] In its decision, the Board details that Employee's appeal was untimely under 19 *Del. C.* § 3318(c) which states that a referee's decision is final within 10 days unless an appeal to the Board is filed under 19 *Del. C.* § 3320.[16] The Board explained that it may accept an

---

[10] R. at 49-51.

[11] *Id.* at 49.

[12] *Id.* at 137.

[13] *Id.* at 137.

[14] *See* Board Decision at 1-2.

[15] *See id.* at 2.

[16] *See id.*

4

appeal *sua sponte* in cases of severe circumstances.[17] The Board declined to exercise its discretion to hear Employee's appeal, finding there was "no evidence of Departmental error that prevented the Claimant from filing a timely appeal of the Referee's Decision, nor is there evidence of severe circumstances to justify the exercise."[18] The Board did not accept Employee's transportation issues as a sufficient reason to justify further review.[19] The Board also found that Employee was given notice and opportunity to be heard which satisfied the due process requirements.[20]

6.     The Board's decision was mailed on February 20, 2018 and it became final on March 2, 2018.[21] Employee filed this appeal on April 10, 2018.[22] Having considered all submissions, the matter is now ripe for review.

## STANDARD OF REVIEW

7.     On appeal from the Board, the court will uphold the Board's determination absent an abuse of discretion.[23] The "court must determine whether

---

[17] *See* Board Decision at 2.

[18] *Id.*

[19] *See id.*

[20] *See id.*

[21] *See id.*

[22] R. at 152.

[23] *See Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222. 225 (Del. 1991).

5

the findings and conclusions of the Board are free from legal error" and whether they are "supported by substantial evidence in the record."[24] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[25]

## Discussion

8. An aggrieved party has 10 days after the Board's decision has become final to file an appeal to this Court.[26] The failure of a party to file an appeal within the prescribed 10-day period "creates a jurisdictional defect that can only be excused by unusual circumstances attributable to court personnel, not the appellant."[27] The

---

[24] *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. July 7, 2011) (citing *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265, 1266 (Del. 1981); *Pochvatilla v. United States Postal Serv.*, 1997 WL 524062, at *2 (Del. Super. June 9, 1997); 19 *Del. C.* § 3323(a)).

[25] *Byrd v. Westaff USA, Inc.*, 2011 WL 3275156, at *1 (Del. Super. July 29, 2011) (quoting *Oceanport Industries, Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994)).

[26] 19 *Del. C.* § 3323(a) states:

> Within 10 days after the decision of the Unemployment Insurance Appeal Board has become final, any party aggrieved thereby may secure judicial review by commencing an action in the Superior Court in the county in which the claimant resides or the employer's place of business is located against the Unemployment Insurance Appeal Board for the review of such decision, in which action nay other party to the proceeding before the Unemployment Insurance Appeal Board shall be made a defendant.

[27] *Spangler v. Unemployment Ins. Appeal Bd.*, 2016 WL 1613232, at *2 (Del. Super. Mar. 23, 2016) (quoting *Ortiz v. Adecco USA, Inc.*, 2015 WL 5120986, at *1 (Del. Super. Aug. 11, 2015)).

6

"time for filing an appeal is an express statutory condition of jurisdiction;" therefore it is mandatory and dispositive.[28]

9.      Employee's appeal is untimely. The Board's decision became final on March 2, 2018[29] and he filed this appeal on April 10, 2018.[30]   Thus, not only did Employee file an untimely request for the Board's consideration, he also filed *this* appeal outside of the 10-day statutory period. Employee has not asserted any court error to explain its untimely appeal to this Court.[31] Employee's arguments on appeal may touch upon some of the merits of his claims, but he fails to explain why his appeal was not filed within the statutory period.[32]   Even if this appeal had been timely filed, the Court determines that the substantive and procedural findings and conclusions of the Board were free from legal error and supported by substantial evidence in the record.

**NOW, WHEREFORE**, this 15th day of November, 2018, the February 20, 2018 decision of the Unemployment Insurance Appeal Board is hereby **AFFIRMED**.

---

[28] *See id.* (citing *Lively v. Dover Wipes Co.*, 2003 WL 21213415, at *1 (Del. Super. May 16, 2003)).

[29] *See* Board's Decision at 2.

[30] R. at 152.

[31] *Id.*

[32] R. at 152. *See* Appellant's Opening Br. at 1.

**IT IS SO ORDERED**.

Vivian L. Medinilla
Judge

oc:   Prothonotary
cc:   Jeffrey Cabrera
       All Counsel of Record (Via File&Serve)

8